# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| NileCo General Contracting LLC | )     ASBCA No. 60912 |
| | ) |
| Under Contract No. W912ER-12-C-0005 | ) |

APPEARANCE FOR THE APPELLANT:     Cynthia Malyszek, Esq.
       Malyszek & Malyszek
       Westlake Village, CA

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
       Engineer Chief Trial Attorney
    Rebecca L. Bockmann, Esq.
    Pietro O. Mistretta, Esq.
       Engineer Trial Attorneys
       U.S. Army Engineer District, Middle East
       Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE MCNULTY ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

NileCo General Contracting LLC (NileCo or appellant) submitted a document entitled "claim" to the contracting officer (CO) in the amount of $2,079,137.25 via email. The claim[1] included certification language mandated by the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA), but no electronic or digital signature, only the typewritten name of the company's director. NileCo has appealed from a deemed denial. The government moves to dismiss for lack of jurisdiction due to the lack of signature following the certification language and because NileCo's submission to the CO purportedly did not request a final decision. We grant the government's motion with respect to the signature issue and dismiss the appeal, without prejudice.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Contract No. W912ER-12-C-0005 (the contract) was awarded to appellant on 19 December 2011, by the United States Army Corps of Engineers (USACE). Anwar Ahmed, Director, signed the contract, with a handwritten signature, on behalf of appellant. The contract, in the amount of $4,537,871.00, was for construction

---

[1] We refer to this submission as NileCo's "claim" throughout this opinion, but the use of that term does not mean that we determine the document to constitute a valid claim as that term is used in the CDA.

services for a dining facility and other structures at the Transit Center at Manas, Manas International Airport, Kyrgyzstan. (R4, tab 7 at 3, 188)

2. The government issued a Suspension of Work notice dated 28 January 2014, directing appellant to stop work, demobilize and quit the site by 31 January 2014 (R4, tab 67). The document was digitally signed by the CO (*id.* at 1).

3. In an email dated 27 July 2016 appellant submitted its claim to the CO seeking compensation for withheld payments. The claim included the following certification language:

> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

The claim's email transmittal included only a typewritten name in the signature block, i.e., "Anwar Ahmed Director." (R4, tab 2) The claim itself included nothing further with respect to identifying who was certifying the claim on behalf of appellant. Appellant's transmittal also stated:

> Please find attached our claim for the withheld payments plus costs incurred and interest. It has been two and a half years since work stoppage and we have yet to receive our funds. Please review the claim and let us know when we will get paid.

(*Id.* at 1)

4. In a letter apparently emailed to NileCo under the date of 23 September 2016, the CO acknowledged having received the claim via email, advised additional time was needed to prepare his final decision and stated: "The final decision will be issued by November 20, 2016." The document was digitally signed by the CO. (R4, tab 83)

5. Via email sent on 4 November 2016, including an attached letter also dated 4 November 2016, the government terminated the contract for convenience (R4, tab 87). The email referenced NileCo's "claim" and invited the submission of additional information for the termination settlement proposal (*id.* at 1). This termination letter also was digitally signed by the CO (*id.* at 3).

2

6. By email dated 5 December 2016, appellant filed its notice of appeal (NOA) with the Board. The NOA indicated that it was a deemed denial appeal based on the CO's failure to have rendered his decision by 20 November 2016 as he had stated.[2]

7. The government filed its motion to dismiss, asserting lack of jurisdiction by email received 23 December 2016. Appellant filed its response, after retaining counsel, on 21 March 2017. The government filed a reply on 17 April 2017.

8. The motion included four exhibits. Exhibit No. 1 comprised the claim and several email chains, which establish the parties were in near constant contact by email regarding appellant's desire to close out the contract and receive the funds it believed it was entitled to from shortly after the suspension of work in January 2014 until shortly before appellant submitted its claim in July 2016. In the last email, dated 3 May 2016, from appellant to the CO before appellant submitted its claim, appellant stated:

> We are frustrated now with your written promises, in your last email on 22 April you wrote us that you will send u smode next week almost 2 weeks are again passed, you took this matter in July 2015 and in our conference call you promised to finish the mater in one month and now almost 10 months passed and its been 27 months our retention money is stuck with you[.]
>
> Kindly by tomorrow evening let us know if you want to finish this matter amicably if now so that we can proceed with legal ways along with your all written commitments. [Syntax, punctuation and spelling in original]

(Gov't mot., ex. 1 at 5)

## DECISION

The government argues we lack jurisdiction to consider the appeal. The government asserts appellant's 27 July 2017 email does not constitute a valid claim under the CDA because appellant failed to request a final CO's decision or because appellant failed to provide the required certification (gov't mot. at 2).

---

[2] The record includes a CO's decision denying the claim, dated 7 December 2016 (gov't mot., ex. 4), the same claim that the government now alleges did not demand a CO's decision.

3

*The Lack of Certification Issue*

The government concedes appellant has included the certification language required by the CDA and Federal Acquisition Regulation (FAR) 33.207, but argues the failure to have signed the certification is an incurable defect making the certification in effect a nullity, the claim invalid and therefore depriving us of jurisdiction (gov't mot. at 3-4). Appellant argues the parties in their course of dealing recognized appellant's typewritten signature block as binding on appellant and therefore the typewritten name in the signature block in the claim transmittal should suffice as appellant's signature. Appellant asserts the government also operated in this fashion. (App. resp. at 4-5) Alternatively, appellant argues the certification is merely defective and that we must permit its correction (*id.* at 7).

A claim for more than $100,000 such as this one must be certified in accordance with the CDA. The CDA requires that the certification state (1) the claim is made in good faith; (2) the supporting data are accurate and complete to the best of the contractor's knowledge and belief; (3) the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable; and (4) the certifier is authorized to certify the claim on behalf of the contractor. 41 U.S.C. § 7103(b). These requirements are repeated in FAR 33.207(c) and the contract's Disputes clause. (R4, tab 7 at 41) Here, there is no dispute the claim includes language satisfying these elements of the certification requirement. There is a problem however because there is no signature. With respect to the CDA certification requirement, the FAR states: "The certification may be executed by any person duly authorized to bind the contractor with respect to the claim." FAR 33.207(e). We have previously held that to "execute" a CDA certification, there must be a signature by a certifier. *Tokyo Company*, ASBCA No. 59059, 14-1 BCA ¶ 35,590.

Here we have no signature, no discrete, verifiable symbol that can be authenticated, only a typewritten signature block, similar to the circumstances in the *Tokyo Company* appeal. *See also Emerald Town Construction Group,* ASBCA No. 60841, 2017 ASBCA Lexis 129; *ABS Development Corp.,* ASBCA No. 60022 *et al.,* 16-1 BCA ¶ 36,564; *Teknocraft Inc.,* ASBCA No. 55438, 08-1 BCA ¶ 33,846. "Signature or signed" is defined in FAR 2.101 to mean "the discrete, verifiable symbol of an individual which, when affixed to a writing with the knowledge and consent of the individual, indicates a present intent to authenticate the writing." A signature need not be handwritten only, but can include electronic symbols associated with electronic or digital signatures. Here we have nothing corresponding to a signature as required, and only have the typewritten signature block that we found insufficient in *Tokyo Company, Emerald Town, ABS* and other appeals.

Appellant alleges the parties' practice was that each accepted the other's typewritten name as an "email signature" (app. resp. at 5-7). The parties' course of

4

dealing does not appear to have been as appellant contends. The record indicates that the CO regularly used a digital signature to sign documents transmitted by email and did not rely solely on his typewritten name for his "email signature" as appellant asserts. (SOF ¶¶ 2, 4, 5) Appellant may have proceeded in this fashion, but there is no evidence this was a mutual practice. Nor is there evidence in the record that the CO accepted this practice for any document that would require a signature. In any event, the parties cannot override the jurisdictional requirement of an executed certification through a course of dealing, i.e., their agreement. It is axiomatic that parties cannot confer jurisdiction by agreement. *Teledyne Continental Motors, Gen. Prods. Div. v. United States*, 906 F.2d 1579, 1582 (Fed. Cir. 1990); *see also James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996). Therefore, even if true, the parties' practice of accepting a typewritten name as a signature would be of no consequence with respect to the requirement that the certification be signed as defined in the FAR and case law. Accordingly, we find appellant's argument unpersuasive.

Alternatively, appellant argues the absence of a signature is a correctable defect. A lack of signature is not a defect in the certification that can be corrected, *Teknocraft*, 08-1 BCA ¶ 33,846 at 167,505. For all of the foregoing reasons, we determine we have no jurisdiction to consider this appeal.

*The Failure to Have Requested a Final Decision Issue*

The government also asserts we lack jurisdiction because appellant failed to expressly request a final decision. Having found we lack jurisdiction based upon appellant's failure to have signed the certification we need not, and ordinarily would not, reach this issue. We address this argument only in the interest of efficiency, to forestall its likely reassertion and the necessity of having to revisit this argument should appellant properly certify its claim in the same form otherwise and return to the Board with a new appeal.

The Federal Circuit has noted that a contractor's cost submission was not a proper CDA claim because the contractor had not requested a final decision. *Bill Strong Enterprises, Inc. v. Shannon*, 49 F.3d 1541, 1550 (Fed. Cir. 1995), *overruled in part on other grounds by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995). The court has also ruled that the request for a final decision need not be express, but can be implicit from the circumstances. In this regard the court has stated:

> This does not require an explicit request for a final decision; "as long as what the contractor desires by its submissions is a final decision, that prong of the CDA claim test is met." *Transamerica*, 973 F.2d at 1576. Thus, "a request for a final decision can be implied from

the context of the submission." *Heyl & Patterson*, 986 F.2d at 483.

*Ellett Constr.*, 93 F.3d at 1543.

The record includes evidence establishing that the parties discussed appellant's demand for compensation for almost two years before appellant expressed frustration with the delay it was experiencing with respect to receiving payment and submitted its claim (SOF ¶¶ 3, 8). We find, in the totality of the circumstances, that appellant has sufficiently expressed the desire for a final decision to satisfy the requirement that it request a final decision. Furthermore, the CO clearly recognized appellant had requested a final decision, since he promised to issue one in response to receiving the claim. (SOF ¶ 4)

## CONCLUSION

The appeal is dismissed without prejudice to appellant's submission of a properly certified claim to the CO.

Dated: 22 September 2017

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60912, Appeal of NileCo General Contracting LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals